UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

BALFOUR BEATTY CONSTRUCTION, LLC,
and MILESTONE METALS, INC**.,**

      Plaintiffs,

v.                                       CASE NO.:    4:17-cv-02477

LIBERTY MUTUAL INSURANCE
COMPANY,

      Defendant.

---

### DEFENDANT LIBERTY MUTUAL FIRE INSURANCE COMPANY'S MOTION TO COMPEL APPRAISAL

---

COMES NOW Defendant Liberty Mutual Fire Insurance Company (incorrectly named as "Liberty Mutual Insurance Company") ("Defendant") and files this Motion to Compel Appraisal of Plaintiffs Balfour Beatty Construction, LLC ("Balfour") and Milestone Metals, Inc.'s ("Milestone") (collectively, "Plaintiffs") property damage claim as authorized by the insurance policy at issue in this case, and would respectfully show the Court as follows:

**I.**
### SUMMARY OF ARGUMENT

This matter involves a claim for benefits under a "Builder's Risk" policy of insurance covering a certain construction project in Houston, Texas.  Plaintiffs are additional insureds under the subject policy, and Defendant is the policy underwriter.  The policy contains an Appraisal Clause, which requires the parties, upon written demand, to submit to the appraisal process when they fail to agree on "the amount of loss" in any particular claim.  Defendant has made a valid, written demand for appraisal, but Plaintiffs have refused to comply.

The Texas Supreme Court held in *State Farm Lloyds v. Johnson*, 290 S.W.3d 886 (Tex. 2009), that in every property damage claim someone must determine the "amount of loss."  An appraisal clause binds the parties to have the amount of loss determined in a particular way.  Like any other contractual provision, appraisal clauses should be enforced.  *Id.* at 895.  Indeed, Texas courts have consistently enforced appraisal provisions with virtually no exception. *See In re Universal Underwriters of Tex. Ins. Co.*, 345 S.W.3d 404, 407 (Tex. 2011) (holding that appraisal clauses generally are enforceable, absent illegality or waiver); *In re Slavonic Mut. Fire Ins. Ass'n*, 308 S.W.3d 556, 559 (Tex. App.—Houston [14th Dist.] 2010, no pet.).  Because Plaintiffs are compelled by the policy and Texas law to submit to appraisal, Defendant requests an order from the Court directing them to do so.

## II.
## FACTUAL BACKGROUND

Defendant issued Builder's Risk Policy No. YM2-L9L-430125-084 (the "Policy") to the named insured, TCH Energy Corridor Venture LLC, covering a construction project located at Energy Center 5, 915 N. Eldridge Parkway, Houston Texas (the "Project").[1]  Balfour is the general contractor for the Project, and Milestone is a steel fabrication subcontractor for the Project.  Both Balfour and Milestone are additional insureds on the Policy.[2] Trammel Crow Company, LLC ("Trammell") is the developer for the Project and another additional insured on the Policy.[3]

On June 12, 2016, Plaintiffs and Trammel reported the underlying loss to Defendant, claiming that, in or around May 2016, the exterior glass of the building under construction became burned or marred by welding slag produced by Milestone's welding operations.

---

[1] *See* Policy No. YM2-L9L-430125-084, attached hereto as Exhibit "A."
[2] *Id.*
[3] *Id*.

2

Defendant commenced an investigation of the claim, which continued for several months. During the investigation, Balfour prepared an estimate to remove and replace the damaged glass panels at costs of $627,149.00 and presented it to Defendant.[4]   According to the February 6, 2017, J.S. Held report, Balfour and J. S. Held agreed to $592,128 for the removal and replacement costs, but Balfour's estimate included an additional $10,416 for post-replacement testing.[5] Now, in Plaintiffs' Original Petition they are claiming the amount of the loss to be $686,976.00 Accordingly, it is manifest that a disagreement exists over the amount of the loss.

Plaintiffs filed this lawsuit on June 28, 2017, in the 129th District Court of Harris County, Texas, asserting claims against Defendant for breach of contract and violations of the Texas Insurance Code.  Plaintiffs seek to recover unpaid benefits allegedly owed under the Policy, plus exemplary damages, statutory penalties, and attorneys' fees.  On August 7, 2017, Defendant filed its Original Answer, generally denying Plaintiffs' allegations.  On August 11, 2017, Defendant removed the case to this Court on the basis of diversity jurisdiction.

On September 12, 2017, Defendant sent a letter to Plaintiffs' counsel invoking appraisal pursuant to the terms of the Policy and appointing Darrell Edwards as its designated appraiser.[6] The letter requested that Plaintiffs, in accordance with the Policy, designate their own appraiser and notify Defendant of the same within 20 days.[7]  On September 15, 2017, Plaintiffs' counsel responded with a letter refusing to participate in appraisal.[8]  In the letter, Plaintiffs' counsel asserts "Liberty Mutual cannot invoke the Appraisal Condition as a means of determining the scope and applicability of the Defects, Errors, & Omissions exclusion."[9]

---

[4] *See* Balfour's Estimate, attached hereto as "Exhibit B."
[5] *See* February 6, 2017 J.S. Held Report, page 2, attached hereto as Exhibit "C."
[6] *See* September 12, 2017, Letter Invoking Appraisal, attached hereto as Exhibit "D."
[7] *Id.*
[8] *See* September 15, 2017, Letter Refusing Appraisal, attached hereto as Exhibit "E."
[9] *Id.*

### III.
### ARGUMENT AND AUTHORITIES

**A.   Plaintiffs failed to comply with their obligation to submit this dispute to appraisal.**

The Policy's appraisal clause provides that either party may make written demand for an appraisal if the parties disagree on the amount of loss.  Specifically, Paragraph 1 of the "Other Conditions" section of the Policy reads:

> **Appraisal—**If "you" and "we" do not agree on the amount of the loss or the value of covered property, either party may demand that these amounts be determined by appraisal.
>
> If either makes a written demand for appraisal, each will select a competent, independent appraiser and notify the other of the appraiser's identity within 20 days of receipt of the written demand. The two appraisers will then select a competent, impartial umpire. If the two appraisers are unable to agree upon an umpire within 15 days, "you" or "we" can ask a judge of a court of record in the state where the property is located to select an umpire.
>
> The appraisers will then determine and state separately the amount of each loss.
>
> The appraisers will also determine the value of covered property items at the time of the loss, if requested.
>
> If the appraisers submit a written report of any agreement to "us", the amount agreed upon will be the amount of the loss. If the appraisers fail to agree within a reasonable time, they will submit only their differences to the umpire. Written agreement so itemized and signed by any two of these three, sets the amount of the loss.
>
> Each appraiser will be paid by the party selecting that appraiser. Other expenses of the appraisal and the compensation of the umpire will be paid equally by "you" and "us".[10]

Texas courts routinely enforce appraisal clauses and have consistently required insureds to participate in the appraisal process as contracted under their policies.  *See Universal*, 345 S.W.3d at 412; *In re Allstate County Mut. Ins. Co.,* 85 S.W.3d 193, 196 n. 5 (Tex. 2002); *In re State Farm Lloyds*, 170 S.W.3d 629, 634-635 (Tex. App.—El Paso 2005, orig. proceeding);

---

[10]   *See* Exhibit A at pg. 21-22 of BUILDERS' RISK COVERAGE, SCHEDULED JOBSITE FORM, COMPREHENSIVE FORM.

*Vanguard Underwriters Ins. Co. v. Smith*, 999 S.W.2d 448, 449 (Tex. App.—Amarillo, 1999, no pet.).   The Texas Supreme Court has reaffirmed the mandatory nature and enforceability of appraisal clauses and noted that this principle has been followed since at least 1888.  *Universal*, 345 S.W.3d at 406-07 (holding that appraisal clauses generally are generally enforceable, absent illegality or waiver); *Johnson*, 290 S.W.3d at 888-89 (citing *Scottish Union v. Nat. Inc. Co. v. Clancy*, 8 S.W.630 (Tex. 1888)); *see also In re Allstate*, 85 S.W.3d at 196.   Indeed, the Texas Supreme Court has held appraisal clauses should be upheld even if there is some underlying dispute because the parties still need to know the "amount of loss."  *Johnson*, 290 S.W.3d at 895.

The facts of *Johnson* are instructive.   There, the insured made a claim under his State Farm Lloyds homeowners policy alleging the roof of his home had been damaged during a hail storm.  *Id.* at 887-88.   State Farm Lloyds' adjuster concluded that hail caused only minimal damage to the ridgeline of the roof which fell below the policy's deductible.  *Id.*   Accordingly, no payment was made on the claim.  *Id.*   The insured invoked appraisal, contending that hail had damaged the entire roof.  *Id.*   State Farm Lloyds—like Plaintiffs in this case—took the position that since there was a dispute over coverage (specifically, a dispute concerning causation of the observed damages) and not just the "amount of the loss," appraisal was not appropriate.  *Id.*   The Texas Supreme Court determined that the dispute over roof damage was properly subject to the policy's appraisal provision, holding that "[a]ny appraisal necessarily includes some causation element, because setting the 'amount of loss' requires appraisers to decide between damages for which coverage is claimed from damages for everything else."  *Id.* at 893.

The application of *Johnson* to this case is clear.   Irrespective of the cause of an insured's claimed property damage, or whether the alleged damage is a covered loss, someone must determine the amount of that loss.   In view of *Johnson*, the appraisal clause in this case clearly

applies to the dispute over the amount of Plaintiffs' loss.  Defendant has properly and timely invoked the appraisal clause in the Policy.  Therefore, Texas law mandates that Plaintiffs comply with the appraisal clause as properly requested by Defendant.

**B.    A dispute over coverage does not prevent appraisal in this case.**

Nevertheless, in their September 15 letter, Plaintiffs contend Defendant has not disputed the amount of covered losses in this case but, instead, "has relied exclusively upon the Defects, Errors, & Omissions exclusion in denying coverage for Milestone's and Balfour Beatty's claims."[11] According to Plaintiffs, "Liberty Mutual cannot invoke the Appraisal Condition as a means of determining the scope and applicability of the Defects, Errors, & Omissions exclusion," and therefore, the appraisal clause does not apply.[12]  Defendant does not dispute it denied coverage in this case on the grounds that the claimed damages were not caused by a covered event under the terms of the policy; however, this does not prevent Defendant from invoking appraisal, as the Texas Supreme Court has made clear.

First and foremost, contrary to Plaintiffs' assertions, a dispute over the alleged amount of loss emphatically *does* exist in this case.  Specifically, in support of Plaintiffs' insurance claim, Balfour has tendered to Defendant an estimate of repairs for the claimed losses in the amount of $627,149.00.[13]  Likewise, in their Original Petition, Plaintiffs value their claim for the underling loss at $686,976.00.[14]  Defendant forcefully denies the scope of losses and/or values for repairs reflected in both Balfour's estimate and Plaintiffs' pleadings.  The fact that Defendant has identified and relied upon independent coverage grounds to deny Plaintiffs' claim does not

---

[11] *See* Exhibit E.
[12] *Id.*
[13] *See* Exhibit B.
[14] *See* Plaintiff's Original Petition, on file with the Court, at ¶ 10.

somehow annul this dispute over the amount of loss or otherwise impact Defendant's right to appraisal under the Policy.

Further, as stated above, in *Johnson*, the Texas Supreme Court expressly held that an appraisal clause should be upheld even if there is an underlying dispute regarding coverage. 290 S.W.3d 886, 894 (Tex. 2009). As the Court stated, "appraisers must always consider causation, at least as an initial matter" because "appraisal is for damages caused by a specific occurrence, not every repair a home might need." *Id.* at 893. In other words, "[a]ny appraisal necessarily includes some causation element, because setting the 'amount of loss' requires appraisers to decide between damages for which coverage is claimed from damages caused by everything else." *Id.* Accordingly, an insurer "cannot avoid appraisal . . . merely because there might be a causation question that exceeds the scope of appraisal." *Id.*

Courts have repeatedly followed *Johnson*'s holding in cases where, as here, the insurer denied there was a covered loss. *See Pounds v. Liberty Lloyds of Texas Ins. Co.*, 14-16-00263-CV, 2017 WL 3270980, at *4 (Tex. App.—Houston [14th Dist.] Aug. 1, 2017, no pet. h.); *In re Liberty Ins. Corp.*, 496 S.W.3d 229, 235 (Tex. App.—Houston [1st Dist.] 2016, no pet.); *In re Texas Windstorm Ins. Ass'n*, No. 14-13-00632-CV, 2013 WL 4806996 (Tex. App.—Houston [14th Dist.] 2013, orig. proceeding); *In re Public Service Mut. Ins. Co.*, No. 03-13-00003-CV, 2013 WL 692441 (Tex. App.—Austin, 2013, orig. proceeding); *In re Southern Ins. Co.*, No. 09-11-00022-CV, 2011 WL 846205 (Tex. App.—Beaumont, March 10, 2011, orig. proceeding). Indeed, *Johnson* expressly applied its reasoning to circumstances where the entire claim is denied on the grounds that losses were not caused by a covered event. *See Johnson*, 290 S.W.3d at 893. As the Court stated, "**[w]hen an insurer denies coverage, appraisers can still set the amount of loss in case the insurer turns out to be wrong.**" *Id.* (emphasis added).

While it is true Defendant denied Plaintiffs' claim on the grounds that the alleged damages were caused by an event that is excluded from coverage under the Policy *Johnson* makes clear it is still entitled to have the "amount of loss" determined through appraisal. Simply put, the existence of a coverage dispute does not impact Defendant's appraisal rights in this case, and appraisal is appropriate—indeed, mandated—under the Policy.

**C.    The Court should Abate the Pre-Trial Deadlines during the pendency of the Appraisal Process.**

Under Texas law, a carrier cannot be in breach of the insurance contract if it complies with the appraisal process and promptly pays the appraisal award. *Blum's Furniture Co., Inc. v. Certain Underwriters at Lloyds London*, 459 Fed. Appx. 366, 368 (5th Cir. 2012) (*citing Franco v. Slavonic Mut. Fire Ins. Ass'n,* 154 S.W.3d 777, 787 (Tex. App.—Houston [14th Dist.] 2004, no pet.)); *see also Breshears v. State Farm Lloyds*, 155 S.W.3d 340 (Tex. App.—Corpus Christi 2004, pet. denied); *Brownlow v. United Services Auto Ass'n*, No. 13-03-758-CV, 2005 WL 608252 (Tex. App.—Corpus Christi Mar. 17, 2005, pet denied). Further, absent a finding of breach of contract, an insurer cannot be liable for prompt payment penalties or statutory or common-law "bad faith" damages. *Amine v. Liberty Lloyds of Texas Ins. Co.*, No. 01-06-00396-CV, 2007 WL 2264477 (Tex. App.—Houston [1st Dist.] Aug 9, 2007, no pet.). In view of this, courts have the discretion to stay or abate insurance litigation—such as the instant case—until appraisal is complete. *See In re Slavonic Mut. Fire Ins. Ass'n*, 308 S.W.3d at 564-65; *Vanguard Underwriters Ins. Co.*, 999 S.W.2d at 450-51; *James v. Prop. & Cas. Ins. Co. of Hartford*, No. H-10-1998, 2011 WL 4067880 (S.D. Tex. Sept. 12, 2011); *United Neurology, P.A. v. Hartford Lloyd's Ins. Co.*, No. H-10-4248, 2012 WL 423417 (S.D. Tex. Feb. 8, 2012).

Upon completion of the appraisal process, the amount of the loss in this case—if any—will be fixed. Moreover, upon Defendant's prompt payment of any appraisal award, Plaintiffs'

contractual and extra-contractual causes of action will be extinguished under Texas law. Hence, allowing litigation to proceed while appraisal is underway would unnecessarily waste valuable court resources and increase attorneys' fees and litigation costs. Accordingly, Defendant moves for abatement of all pre-trial deadlines in an effort to avoid the unnecessary expenditure of time and resources in a case where such investment may ultimately prove unnecessary.

### IV.
### CONCLUSION & REQUEST FOR RELIEF

Appraisal is appropriate in this matter. It is required by the Policy and by the Texas Supreme Court, which has held that "like any other contractual provision, appraisal clauses should be enforced." *Johnson*, 290 S.W.3d at 895. Accordingly, Defendant Liberty Mutual Fire Insurance Company (incorrectly named as "Liberty Mutual Insurance Company") requests that this Court grant this Motion and order Plaintiffs to designate their appraiser within 20 days of the Court's Order granting this Motion, and to otherwise fully comply with the appraisal clause of the policy. Defendant further requests that all pending pre-trial deadlines be abated until the appraisal process is complete. Defendant also requests such other and further relief as to which it may show itself entitled.

Respectfully submitted,

By: /s/J. Mark Kressenberg
    J. MARK KRESSENBERG
Attorney-in-Charge
State Bar No.  11725900
S.D. Tex. No. 7793
900 Fannin, Suite 2500
Houston, Texas 77010-1008
e-mail: jkressenberg@sheehyware.com
713-951-1036 Telephone
713-951-1099 Telecopier
**ATTORNEY FOR DEFENDANT**

OF COUNSEL:
Sheehy, Ware & Pappas
900 Fannin, Suite 2500
Houston, Texas 77010-1008
Shelley Rogers
State Bar No. 17186250
S.D. Tex. No. 3055
e-mail: srogers@sheehyware.com
713-951-1033 Telephone
713-951-1099 Telecopier
Travis Armstrong
State Bar No. 24069312
S.D. Tex. No. 1690801
e-mail: tarmstrong@sheehyware.com
713-951-1020 Telephone
713-289-2020 Telecopier

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above foregoing instrument has been served or forwarded via e-filing in accordance with the Federal Rules of Civil Procedure on this the 12th day of October, 2017, to the following counsel of record:

R. Brent Cooper
Tarron L. Gartner-Ilai
Cooper & Scully, P.C.
900 Jackson Street, Suite 100
Dallas, Texas 75202

/s/ J. Mark Kressenberg_____

2968218_1

10