United States District Court
Southern District of Texas
**ENTERED**
November 09, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BALFOUR BEATTY CONSTRUCTION, LLC and MILESTONE METALS, INC., | § § § | |
| Plaintiffs, | § § | |
| V. | § § | CIVIL ACTION NO. H-17-2477 |
| LIBERTY MUTUAL INSURANCE COMPANY, | § § § § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Before the Magistrate Judge upon referral from the District Judge is Defendant's Motion to Compel Appraisal (Document No. 9), in which Defendants seek an Order compelling Plaintiffs to engage in the appraisal process provided for in the insurance policy at issue in this case. Having considered the motion, the response, the terms of the insurance policy at issue, and the applicable law, it is ORDERED, for the reasons set forth below, that Defendant's Motion to Compel Appraisal (Document No. 9) is GRANTED.

This is an insurance dispute arising from damage to windows during a construction project, for which Plaintiff Balfour Beatty Construction, LLC was the general contractor and Plaintiff Milestone Metals, Inc., was a steel fabrication subcontractor. Both Plaintiffs were additional insureds under the Policy at issue in this case. Defendant denied coverage for the damage. Plaintiffs filed suit in state court, and the case was timely removed to this Court. Defendant then filed its Motion to Compel Appraisal, arguing that it did not agree with Plaintiffs as to the amount of damage to the windows and that it was entitled to invoke the appraisal provisions in the policy to determine the amount of the damage/loss. Plaintiffs are opposed to appraisal, primarily because their dispute

with Defendant is not about the amount of damage or loss, but whether the damage/loss is covered by the insurance policy at issue. Plaintiffs also argue that Defendant is invoking appraisal in an attempt to circumvent Plaintiffs' extra-contractual claims, and to avoid the effects of the untenable subrogation position Defendant placed Plaintiffs with respect to the window damage, which caused Plaintiffs to settle that claim with the building/project developer prior to filing suit against Defendant.

The insurance policy at issue in this case contains the following provision for appraisal:

> If "you" and "we" do not agree on the amount of the loss or the value of covered property, either party may demand that these amounts be determined by appraisal.

Policy at 18 (Document No. 9-1 at 44). Appraisal provisions such as this are enforceable in Texas. *In re Universal Underwriters of Texas Insurance Company,* 345 S.W.3d 404, 407 (Tex. 2011); *Scottish Union & Nat'l Ins. Co. v. Clancy,* 71 Tex. 5, 8 S.W. 630, 631 (1888); *In re Allstate County Mut. Ins. Co.,* 85 S.W.3d 193, 195 (Tex. 2002); *State Farm Lloyds v. Johnson,* 290 S.W.3d 886, 888 (Tex. 2009). It is only when the appraisal clause is illegal, unenforceable, or has been waived, will appraisal be denied to a party seeking it. *Universal,* 345 S.W.3d at 407.

Here, it cannot be reasonably disputed that this case is about coverage – not the amount of damage to the windows. But, the amount of damage to the windows has not been agreed upon as between the insurer and the insureds and Defendant specifically disputes, in its motion, Plaintiffs' loss valuation. Defendant, as such, has the right under the Policy to invoke appraisal for a determination of the damage/loss amount. That is generally in accord with the Texas Supreme Court's reasoning in *State Farm Lloyds v. Johnson,* 290 S.W.3d 886, 895 (Tex. 2009) ("in every property damage claim, someone must determine the 'amount of loss,' as that is what the insurer

2

must pay. . . . unless the 'amount of loss' will never be needed (a difficult prediction when litigation has yet to begin), appraisals should generally go forward without preemptive intervention by the courts."). As such, Defendant's Motion to Compel Appraisal should be granted, but an abatement of this case pending appraisal is not warranted given that the primary focus of this case is the parties' coverage dispute. *See e.g., The Abbey on Preston, H.O.A. v. Admiral Ins. Co.*, Civil Action No. 3:13-CV-0102-N, 2013 WL 12143827 (N.D. Tex. May 30, 2013) (granting motion to compel appraisal but denying motion to stay or abate case). Accordingly, it is

ORDERED that Defendant's Motion to Compel Appraisal (Document No. 9) is GRANTED but Defendant's related request for an abatement of this case is denied.

Signed at Houston, Texas, this ___9th___ day of November, 2017.

FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE