## UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| BALFOUR BEATTY CONSTRUCTION, LLC and MILESTONE METALS, INC., | § § § § § § § § § § § § | |
| Plaintiffs | | |
| | | Civil Action No. 4:17-cv-02477 |
| v. | | |
| LIBERTY MUTUAL INSURANCE COMPANY, | | |
| Defendant | | |

### JOINT DISCOVERY/CASE MANAGEMENT PLAN
### UNDER RULE 26(f)
### FEDERAL RULES OF CIVIL PROCEDURE

Please restate the instruction before furnishing the information.

1. State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

   The meeting was held via e-mail on December 28, 2017. Tarron Gartner attended for Plaintiff. Mark Kressenberg attended for Defendant.

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

   None.

3. Specify the allegation of federal jurisdiction.

   Diversity of Citizenship.

4. Name the parties who disagree and the reasons.

   None.

5. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

      None.

6. List anticipated interventions.

      None.

7. Describe class-action issues.

      Not applicable.

8. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

      The parties will exchange Rule 26(a) Disclosures by January 31, 2018.

9. Describe the proposed agreed discovery plan, including:

    A. Responses to all the matters raised in Rule 26(f).

      Rule 26(f)(3):

        (a) None
        (b) The parties anticipate conducting discovery on the cause and amount of loss of Plaintiff's damages and Defendant's claim handling. It is expected discovery can be complete by January 31, 2019.
        (c) None
        (d) None
        (e) None
        (f) None

    B. When and to whom the plaintiff anticipates it may send interrogatories.

      Plaintiff has already sent Interrogatories to Defendant.

    C. When and to whom the defendant anticipates it may send interrogatories.

      Defendant anticipates sending Interrogatories to Plaintiff by February 27, 2018.

    D. Of whom and by when the plaintiff anticipates taking oral depositions.

      Plaintiff anticipates taking the depositions of Defendant's field adjuster, Defendant's internal adjuster, Defendant's corporate representative and various fact witnesses by September 30, 2018

    E. Of whom and by when the defendant anticipates taking oral depositions.

        Defendant anticipates taking the depositions of Plaintiff's corporate representative, applicable subcontractors of Plaintiff and various fact witnesses by October 30, 2018

    F.    List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

        Plaintiff anticipates the depositions of Defendant's experts by December 31, 2018

    G.    List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

        Defendant anticipates taking the depositions of Plaintiff's experts by November 30, 2018.

10. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

    Not applicable.

11. Specify the discovery beyond initial disclosures that has been undertaken to date.

    Plaintiff has served interrogatories and a Request for Production on Defendant.

12. State the date the planned discovery can reasonably be completed.

    January 31, 2019.

13. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

    Since the case primarily turns on the existence of coverage, the parties agree that disposition of that issue will need to be reached prior to any ADR.

14. Describe what each party has done or agreed to do to bring about a prompt resolution.

    Plaintiff has filed a Motion for Partial Summary Judgment on the coverage issue and Defendant anticipates filing a counter motion in the very near future.

15. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

    Pending disposition of the coverage dispute and completion of appraisal, the parties are of the opinion that ADR would not be appropriate until after both processes are completed.

16. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

    The parties respectfully decline agreement to trial of the case by a magistrate judge.

17. State whether a jury demand has been made and if it was made on time.

    A timely jury demand has been made by both parties.

18. Specify the number of hours it will take to present the evidence in this case.

    40.

19. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

    None.

20. List other motions pending.

    Plaintiff's Motion for Partial Summary Judgment

21. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

    None other than the pendency of the appraisal.

22. List the names, bar numbers, addresses and telephone numbers of all counsel.

    Counsel for Plaintiff:

    R. Brent Cooper
    State Bar No. 04783250
    S.D. Tex. No. 18271
    Tarron L. Gartner-Ilai
    State Bar No. 18686175
    S.D. Tex. No. 974782
    **COOPER & SCULLY, P.C.**
    900 Jackson Street, Suite 100
    Dallas, Texas 75202
    214-712-9500 Telephone

Counsel for Defendant:

J. Mark Kressenberg
State Bar No.  11725900
S.D. Tex. No. 7793
Shelley Rogers
State Bar No. 17186250
S.D. Tex. No. 3055
**SHEEHY, WARE & PAPPAS, P.C.**
900 Fannin, Suite 2500
Houston, Texas 77010-1008
713-951-1036 Telephone


 /s/   *R. Brent Cooper*    (by permission)              Date   12/28/17
R. Brent Cooper
Tarron L. Gartner-Ilai
Counsel for Plaintiff


 /s/   *J. Mark Kressenberg*                             Date   12/28/18
J. Mark Kressenberg
Shelley Rogers
Counsel for Defendant